

2010 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

5-21-2010

# In Re: William Coleman

Precedential or Non-Precedential: Non-Precedential

Docket No. 10-1276

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2010

Recommended Citation

"In Re: William Coleman " (2010). *2010 Decisions.* Paper 1284.
http://digitalcommons.law.villanova.edu/thirdcircuit_2010/1284

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova University School of Law Digital Repository. It has been accepted for inclusion in 2010 Decisions by an authorized administrator of Villanova University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

BLD-152                                                              NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 10-1276
_____

In re: WILLIAM HENRY COLEMAN,
                                                              Petitioner
_____

Petition for Writ of Mandamus from the
United States District Court for the District of New Jersey
(Related to:  D.N.J. Civil No. 09-cv-03509)
_____

Submitted Pursuant to Rule 21, Fed. R. App. P.
March 18, 2010

Before:  McKEE, Chief Judge, RENDELL and CHAGARES, Circuit Judges.

(Filed  May 21, 2010)
_____

OPINION OF THE COURT
_____

PER CURIAM

In July 2009, petitioner William Henry Coleman, a prisoner proceeding pro se,

filed in the District Court a petition for a writ of habeas corpus under 28 U.S.C. § 2241.

The District Court dismissed the petition for lack of jurisdiction.  On October 27, 2009,

Coleman filed a motion for reconsideration.  He filed this pro se mandamus petition on

January 27, 2010, requesting that the District Court act on his motion.

Mandamus is a drastic remedy available only in extraordinary cases, see In re Diet

Drugs Prods. Liab. Litig., 418 F.3d 372, 378 (3d Cir. 2005), as the petitioner must demonstrate that he has "no other adequate means" to obtain the relief desired and a "clear and indisputable" right to issuance of the writ. Madden v. Myers, 102 F.3d 74, 79 (3d Cir. 1996). Although a district court has discretion over the management of its docket, see In re Fine Paper Antitrust Litig., 685 F.2d 810, 817-18 (3d Cir. 1982), a federal appellate court "may issue a writ of mandamus on the ground that [the district court's] undue delay is tantamount to a failure to exercise jurisdiction." Madden, 102 F.3d at 79.

We recognize that approximately five months have elapsed since the date Coleman filed his motion for reconsideration. However, we cannot conclude that the overall delay in this matter rises to the level of a denial of due process, and we are confident that the District Court will enter an order in due course. Accordingly, the petition is denied.